UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASEY F. HOFFMAN,<br><br>    Plaintiff,<br><br>v.<br><br>S. PALAGUMMI,<br><br>    Defendant. | No. 2:16-cv-3030-TLN-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Defendant has filed a motion for summary judgment (ECF No. 24), arguing that plaintiff failed to exhaust his administrative remedies before filing this suit. Plaintiff has filed an opposition (ECF No. 30) and defendant has filed a reply (ECF No. 32). Plaintiff has also filed a motion for summary judgment (ECF No. 35). For the reasons stated hereafter, it is recommended that defendant's motion be granted and plaintiff's motion be denied.

Legal Standards

I.    Summary Judgment

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury

1

to determine those facts in favor of the nonmovant. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994). At bottom, a summary judgment motion asks whether the evidence presents a sufficient disagreement to require submission to a jury.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, the rule functions to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). Procedurally, under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

A clear focus on where the burden of proof lies as to the factual issue in question is crucial to summary judgment procedures. Depending on which party bears that burden, the party seeking summary judgment does not necessarily need to submit any evidence of its own. When the opposing party would have the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim. *See, e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Rather, the moving party need only point to matters which demonstrate the absence of a genuine material factual issue. *See Celotex*, 477 U.S. at 323-24 ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"). Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a

showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See id.* at 322. In such a circumstance, summary judgment must be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323.

To defeat summary judgment the opposing party must establish a genuine dispute as to a material issue of fact. This entails two requirements. First, the dispute must be over a fact(s) that is material, i.e., one that makes a difference in the outcome of the case. *Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Whether a factual dispute is material is determined by the substantive law applicable for the claim in question. *Id.* If the opposing party is unable to produce evidence sufficient to establish a required element of its claim that party fails in opposing summary judgment. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322.

Second, the dispute must be genuine. In determining whether a factual dispute is genuine the court must again focus on which party bears the burden of proof on the factual issue in question. Where the party opposing summary judgment would bear the burden of proof at trial on the factual issue in dispute, that party must produce evidence sufficient to support its factual claim. Conclusory allegations, unsupported by evidence are insufficient to defeat the motion. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Rather, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue for trial. *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076. More significantly, to demonstrate a genuine factual dispute the evidence relied on by the opposing party must be such that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*, 477 U.S. at 248, 252. Absent any such evidence there simply is no reason for trial.

The court does not determine witness credibility. It believes the opposing party's evidence, and draws inferences most favorably for the opposing party. *See id.* at 249, 255;

*Matsushita*, 475 U.S. at 587. Inferences, however, are not drawn out of "thin air," and the proponent must adduce evidence of a factual predicate from which to draw inferences. *American Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir. 1991) (Kozinski, J., dissenting) (citing *Celotex*, 477 U.S. at 322). If reasonable minds could differ on material facts at issue, summary judgment is inappropriate. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). On the other hand, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted). In that case, the court must grant summary judgment.

II. <u>Exhaustion</u>

The Prison Litigation Reform Act of 1995 (hereafter "PLRA") states that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA applies to all suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), but a prisoner is only required to exhaust those remedies which are "available." *See Booth v. Churner*, 532 U.S. 731, 736 (2001). "To be available, a remedy must be available as a practical matter; it must be capable of use; at hand." *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (citing *Brown v. Valoff*, 422 F.3d 926, 937 (9th Cir. 2005)) (internal quotations omitted).

Dismissal for failure to exhaust should generally be brought and determined by way of a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *Id.* at 1168. Under this rubric, the defendant bears the burden of demonstrating that administrative remedies were available and that the plaintiff did not exhaust those remedies. *Id.* at 1172. If defendant carries this burden, then plaintiff must "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* If, however, "a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." *Id.* at 1166.

4

Analysis

Plaintiff alleges that defendant exhibited deliberate indifference to his serious medical needs. ECF No. 1. Specifically, he contends that, on December 19, 2016, he presented to defendant (who was his medical provider) and complained of loss of appetite, fever, and jaundice. *Id.* at 3. Plaintiff claims that defendant ignored these complaints and declined to provide him with any medical care. *Id.* This action was filed on December 28, 2016.

As noted *supra*, defendant argues that plaintiff failed to administratively exhaust these claims before filing this suit. Plaintiff submitted three prison grievances related to defendant's medical care. ECF No. 24-3 at 7 ¶ 9. Two of these grievances – DVI HC 17046838 and DVI HC 16046635 – fall outside the time-period relevant to the immediate allegations. Plaintiff filed this civil action on December 29, 2016. ECF No. 1. Grievance DVI HC 17046838 was submitted on January 12, 2017, after the filing of this lawsuit and therefore it could not have exhausted the administrative remedies prior to the filing of this suit. ECF No. 24-3 at 2, ¶ 7. Grievance DVI HC 16046635 was submitted – November 14, 2016 - prior to the date the immediate allegations arose. *Id.* at 8, ¶ 11. Thus, it also could not have exhausted the immediate claims.

The only potentially relevant grievance – DVI HC 16046756 – was submitted to prison officials on December 20, 2016. *Id.* at 7, ¶ 8. It did not, however, receive a first level decision until April 13, 2017 – well after this suit was filed. *Id.,* ¶¶ 8, 10-11.[1] A prisoner's administrative remedies must be fully exhausted *before* filing suit in federal court. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). In his opposition, plaintiff argues that he designated DVI HC 16046756 an "emergency" grievance and that prison officials failed to comply with their own rules when they rejected his request for emergency processing. ECF No.

---

[1] It appears that, by the time the April 12, 2017 decision was handed down, plaintiff had been transferred to a new institution. *Id.* at 11. He was encouraged, in the event that he had additional medical concerns, to submit a health care services request at his new institution. *Id.* Thus, it is unclear whether plaintiff could have pursued exhaustion of these claims to the third and final level. The court need not consider this question, however, insofar as he filed this suit before receiving even the first level decision.

5

30 at 3.[2] Prison officials determined, however, that this grievance did not meet the requirements for emergency processing – as described by California Code of Regulations. ECF No. 24-3 at 16. And it is prison officials – not this court – who are the arbiters of whether an internal, administrative appeal is properly classified as an emergency appeal. *See Donte v. Swingle*, No. 2:10-cv-0299 KJM JFM (PC), 2011 U.S. Dist. LEXIS 27133, 2011 WL 976613, at *5 (E.D. Cal. Mar. 16, 2011) (citing relevant regulations). Plaintiff might still proceed if he could show that prison officials, by denying his grievance emergency status, thwarted his overall ability to exhaust. *See Sapp v. Kimbrell*, 623 F.3d 813, 823 (9th Cir. 2010). But the timing of this lawsuit's filing makes such a showing impossible. Plaintiff declined to even wait for the first level decision – which was indisputably issued - before filing this suit. Thus, he cannot credibly claim to have attempted to exhaust as fully as possible.

Plaintiff also argues that the "imminent danger" presented by his unmet medical needs necessitated filing this suit immediately. ECF No. 30 at 4. But the PLRA makes no provision for an "imminent danger" or other emergency exception to its exhaustion requirements. *See Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) (noting that federal courts should not read futility or other exceptions into the PLRA's exhaustion requirement); *see also Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). And, in any event, prison officials clearly determined that plaintiff's claims regarding his medical care were non-emergent. Plaintiff may disagree with their assessment, but it cannot be the case that, whenever such a disagreement arises, a prisoner may simply dispense with the exhaustion requirement.

Finally, on January 17, 2019, plaintiff filed an unauthorized "supplemental" filing wherein he broadly (and vaguely) argues that administrative remedies were unavailable to him. ECF No. 42. He contends that "prison officials manipulate the rules . . . into legal fiction to comport to the

---

[2] Plaintiff filed a motion for an extension of time to submit his opposition. ECF No. 29. Before the court ruled on that motion, he filed his opposition. ECF No. 30. The court will consider his opposition and, thus, grants an extension until the date of that filing.

reviewer's opinion." *Id.* at 2. Plaintiff offers no evidence to support this contention, nor does he undertake any attempt to specifically link this argument to his own grievances.

Based on the foregoing, plaintiff's failure to satisfy the exhaustion requirement requires dismissal. Accordingly, defendant's motion for summary judgment must be granted and plaintiff's motion must be denied.

<u>Conclusion</u>

Based on the foregoing, it is ORDERED that plaintiff's motion for extension of time (ECF No. 29) is granted and his opposition is deemed timely filed.

Further, it is RECOMMENDED that:

1. Defendant's motion for summary judgment (ECF No. 24) be granted;

2. Plaintiff's motion for summary judgment (ECF No. 35) be denied;

3. This action be dismissed without prejudice; and

4. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 12, 2019.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE